UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CARROLL (BO) JORDAN,                                                          CV 05-1314-PK

                        Plaintiff,                                           ORDER AND OPINION

        v.

ECHO RURAL FIRE PROTECTION
DISTRICT #7-403, MERLE GEHRKE, and
TOM ENRIGHT,

                        Defendants.
_____

REDDEN, Judge:

        Magistrate Judge Papak filed his Findings and Recommendation (doc. 61) on

January 7, 2007.  The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R.

Civ. P. 72(b).  When either party objects to any portion of the Magistrate's Findings and

Recommendation, the district court must make a *de novo* determination of that portion of the

Magistrate's report.  See 28 U.S.C. § 636(b)(1)(C); McDonnell Douglas Corp. v. Commodore

1- OPINION AND ORDER

Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), <u>cert. denied</u>, 455 U.S. 920 (1982).

Both parties filed timely objections to portions of the Findings and Recommendation. According, I have conducted a *de novo* review of this case. I turn, first, to plaintiff's objections.

## I.       Plaintiff's Objections

Plaintiff objects on three principal bases. First, he contends defendants' motion for summary judgment should be denied, on all claims, because defendants failed to confer with plaintiff, as required by Local Rule (LR) 7.1(a), prior to filing the motion. Plaintiff's counsel, however, concedes that he received a voice-mail message from defendants' counsel. I concur with defendants that this admission is adequate to support a finding of a good faith effort to confer, and therefore I do not find any merit to this objection.

Next, plaintiff contends that defendants' Motion for Summary Judgement should have been denied, on all claims, because defendants failed to file a Concise Statement of Material Facts with the motion, as required by LR 56.1. Plaintiff argues that the Findings and Recommendation are insufficient because they "do not address the Motion to Strike or the argument presented in Plaintiff's Response." Yet, plaintiff's Motion to Strike (doc. 44) was denied by Judge Papak on August 25, 2006, after defendants admitted their mistake in failing to file a Concise Statement of Material Facts, and immediately corrected it on August 22, 2006 (doc. 50). Further, as defendants point out, the time for plaintiff to object to Judge Papak's denial of his Motion to Strike has expired. <u>See</u> Federal Rule of Civil Procedure (FRCP) 72(a) (stating that a party has 10 days following a magistrate judge's non-dispositive order, to file written objections thereto).

2- OPINION AND ORDER

Finally, plaintiff argues that since defendants originally filed a Motion to Dismiss under FRCP 12(b)(6), alleging that the allegations, rather than the facts, in plaintiff's complaint did not support an equal protection claim, the burden of demonstrating a genuine issue of material fact never shifted to plaintiff. If given the opportunity, plaintiff claims he "may well prove that his confidential medical condition is a disability" and that "he was treated differently than other members of Echo who did not participate in the [Occupational Health and Safety Administration] investigation."

I do not find any merit to this argument. While plaintiff is correct that defendants' originally filed a Motion to Dismiss (doc. 9), it was withdrawn (doc. 23), and a new Motion for Summary Judgment was filed (doc. 38). Whether plaintiff agreed with Judge Papak's stated intention to treat the Motion to Dismiss as a Summary Judgment motion (doc. 20), or his observation in his Findings and Recommendation that the later filed Summary Judgment motion was "substantially the same as the previously filed motion to dismiss," is of no consequence. Plaintiff was clearly on notice that the court believed burden shifting to be in play, and therefore, that he must demonstrate the existence of genuine issues of material fact to avoid summary judgment on his claims.

As the Findings and Recommendation states, plaintiff did not provide any evidence to support his contention that he "may be disabled." Plaintiff did not even allege that his termination was motivated by his possible disability. According, Judge Papak's dismissal of plaintiff's equal protection claim was legally sound. Further, even if plaintiff had shown that he was treated differently than other members of Echo, such a showing would not save his claim

3- OPINION AND ORDER

that he was denied the First Amendment right to petition for redress of grievances.  As

Magistrate Papak correctly found, speaking and cooperating with OSHA does not constitute a

petition for redress of grievances under the applicable case law.

Thus, I do not find any merit to plaintiff's objections.

## II.    Defendant's Objections

Judge Papak denied summary judgment on plaintiff's due process claim, finding that

material questions of fact exist as to whether plaintiff had a property interest created by Echo's

constitution, which provided that volunteer firefighters could only be removed "with cause."

Defendant first objects to Judge Papak's "apparent conclusion," in this finding, that plaintiff

received more than *de minimis* benefits from Echo. I find no error in Judge Papak's analysis, and

I am not persuaded by defendant's public policy argument that, to evaluate whether a property

interest is *de minimis*, this court should compare its value to the cost of litigating a due process

claim.

Second, defendants objects to Judge Papak's finding that questions of material fact exist

as to whether plaintiff was an "employee" of Echo, for purposes of resolving his claims under

Oregon's whistleblowing law, Oregon Safe Employment Act and Wrongful Discharge.

Defendants argue that Judge Papak applied the wrong law, regarding whether an individual is an

employee or an independent contractor, but the issue is "whether a volunteer firefighter is an

'employee' for statutory purposes."  Defendants do not point, in their objections, to what statute

they believe applies.  However, before Judge Papak they argued that Oregon's wage and hours

laws resolve the question, because Oregon Revised Statute (ORS) section 652.050(3), defines

4- OPINION AND ORDER

"volunteer firefighter" separately from "employees," and ORS section 653.010(2), states that "employees" receive "adequate consideration for the services performed," and plaintiff did not.

However, as Judge Papak found, the Ninth Circuit Court of Appeals "has not established a bright line for determining whether and when an individual who works under the title of "volunteer" may be an "employee" for statutory purposes.  Accordingly, Judge Papak applied cases involving similar working relationships to the one at bar, including a case in which this court denied summary judgment after finding questions of material fact existed as to whether volunteer firefighters were employees under Title VII.  See Bono v. Eddings, No. CV 03-1398-BR, 2004 WL 1774537, at *4 (D. Or. Aug. 9, 2004).  I do not find any error with this analysis.

In sum, I do not find any merit to defendant's objections.

CONCLUSION

I ADOPT the Findings and Recommendation (doc. 61) of Judge Papak.

IT IS SO ORDERED.

DATED this  20th  day of March, 2007.


                                        /s/ James A. Redden
                                        James A. Redden
                                        United States District Judge